IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

**RUSSELL ALLEN BLACK,**

      **Plaintiff,**

v.                                                                                  Case No. 3:19-cv-00581

**JAMES MCCORMICK
and PENNY MCCORMICK,**

      **Defendants.**

### PROPOSED FINDS OF FACT AND RECOMMENDATIONS

On August 7, 2019, Plaintiff Russell Allen Black, proceeding *pro se*, and then incarcerated at the Western Regional Jail and Correctional Facility in Barboursville, West Virginia, filed a complaint against the defendants under 42 U.S.C. § 1983. (ECF No. 2.). Currently pending is an initial screening of the Complaint pursuant to 28 U.S.C. § 1915. This matter is assigned to the Honorable Robert C. Chambers, United States District Judge, and by standing order has been referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). Having thoroughly reviewed the allegations of the Complaint, the undersigned **FINDS** that this Court lacks subject matter jurisdiction over the claims asserted by Plaintiff. Therefore, the undersigned respectfully **RECOMMENDS** that the presiding District Judge **DISMISS** the complaint and **REMOVE** this matter from the docket of the Court.

1

I. **Relevant Facts**

Plaintiff alleges that Defendant James McCormick is a United States "mail driver" in Charleston, West Virginia and Defendant Penny McCormick is a housekeeper at St. Mary's Medical Center in Huntington, West Virginia. (ECF No. 2 at 4). According to Plaintiff, he and the defendants were next door neighbors for a period of three years—from September 1, 2010 through May 15, 2013. During that time, the defendants tried "everything to get [Plaintiff] to move"; including, turning the neighbors against him, complaining to the police about him, and threatening to shoot him. (*Id.*). Plaintiff alleges that Penny McCormick also made a false accusation of sexual assault against Plaintiff. Plaintiff describes this accusation as a "hate crime." (*Id.* at 5). Plaintiff seeks $500,000 in damages for his emotional and mental distress and the loss of his property.

II. **Standard of Review**

Pursuant to the provisions of 28 U.S.C. § 1915(e)(2), the court must screen each case in which an individual seeks to proceed *in forma pauperis* (without prepayment of fees and costs). The court must dismiss the case, or any part of it, if the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915.

A "frivolous" case has been defined as one which lacks "an arguable basis either in law or fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A case lacks an arguable basis in law when it relies upon an indisputably meritless legal theory, *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992); *Anders v. California*, 386 U.S. 738, 744 (1967). A case lacks an arguable basis in fact when the supporting allegations describe "fantastic or delusional scenarios." *Neitzke,* 490 U.S. at 328. Similarly, a complaint fails to state a compensable claim when, upon viewing the well-pleaded factual allegations in the complaint as true

2

and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007). The Supreme Court of the United States further clarified the "plausibility" standard in *Ashcroft v. Iqbal,* 556 U.S. 662, 678-79 (2009), stating that the court is required to accept as true the factual allegations asserted in a complaint, but is not required to accept the legitimacy of legal conclusions that are "couched as . . . factual allegation[s]." *Id.* at 678 (quoting *Twombly,* 550 U.S. at 554). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679.

This Court is required to liberally construe *pro se* complaints, such as the one filed in this civil action. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, even under this less stringent standard, the complaint still must contain sufficient factual allegations to support a valid legal cause of action. The court may not rewrite the pleading to include claims that were never presented, *Parker v. Champion*, 148 F.3d 1219, 1222 (10th Cir. 1998), develop the plaintiff's legal theories for him, *Small v. Endicott,* 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. *Beaudett v. City of Hampton,* 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.   Discussion

As part of its initial screening, this Court may determine whether it has subject matter jurisdiction over the claims asserted by Plaintiff. *Lovern v. Edwards*, 190 F.3d 648, 654 (4th Cir. 1999) ("Determining the question of subject matter jurisdiction at the outset of the litigation is often the most efficient procedure."). The Court should *sua*

*sponte* dismiss a case when subject matter jurisdiction is lacking. *Davis v. Pak,* 856 F.2d 648, 650 (4th Cir. 1988) ("It is always incumbent upon a federal court to evaluate its jurisdiction *sua sponte,* to ensure that it does not decide controversies beyond its authority."). "Federal courts are courts of limited subject matter jurisdiction, and as such there is no presumption that the court has jurisdiction." *Pinkley, Inc. v. City of Frederick, MD.,* 191 F.3d 394, 399 (4th Cir. 1999). Accordingly, "[a] district court has 'an independent obligation to determine whether subject matter jurisdiction exists, even when no party challenges it.'" *Greene v. Joyner,* No. JFM-17-688, 2017 WL 1194175, at *2 (D. Md. Mar. 30, 2017) (quoting *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010)). Whether the court has jurisdiction depends upon the allegations contained in the complaint. *See Pinkley,* 191 F.3d at 399 (citing *McNutt v. General Motors Acceptance Corp.,* 298 U.S. 178 (1936) (holding "the party who seeks the exercise of jurisdiction in his favor … must allege in his pleadings the facts essential to show jurisdiction")). The mere assertion of a federal claim is insufficient to establish subject matter jurisdiction. *Davis,* 856 F.2d at 650.

Subject matter jurisdiction in the United States District Courts exists when a "federal question" is presented, or when there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332. If jurisdiction is based on a federal question, the plaintiff must "assert a *substantial* federal claim." *Lovern,* 190 F.3d at 654) (quoting *Davis,* 856 U.S. at 650). The "doctrine of substantiality is especially important where a wholly frivolous federal claim serves as a pretext to allow a state-law issue, the real focus of the claim, to be litigated in the federal system. *Id.* at 655 (citing *Davis,* 856 U.S. at 651).

4

Here, Plaintiff alleges wrongdoing that purportedly entitles him to relief under 42 U.S.C. § 1983. Specifically, Plaintiff claims that the defendants tried to force Plaintiff to move from their neighborhood and made a false claim of sexual assault against him. Title 42 U.S.C. § 1983 provides as follows:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.

Title 42 U.S.C. § 1983 "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). Congress enacted § 1983 "to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it." *Bennett v. Gravelle*, 323 F. Supp. 203, 211 (D. Md.), *aff'd,* 451 F.2d 1011 (4th Cir. 1971); *see also Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 166 (1970) ("[T]here exists an unbroken line of decisions, extending back many years, in which this Court has declared that action 'under color of law' is a predicate for a cause of action under § 1983."). In order to state a cause of action under § 1983, a plaintiff must allege facts showing that: (1) the defendant deprived the plaintiff of a federally protected civil right, privilege or immunity and (2) that the defendant did so under color of state law. *Mentavlos v. Anderson*, 249 F.3d 301, 310 (4th Cir. 2001) (quoting *Adickes,* 398 U.S. at 150). If either of these elements is missing, the complaint fails to state a claim

for relief under 42 U.S.C. § 1983. *Flagg Bros. v. Brooks*, 436 U.S. 149, 156 (1978).

In the complaint, Plaintiff asserts claims against the defendants in their capacity as his prior neighbors. Plaintiff does not identify the alleged civil or constitutional right that the defendants allegedly violated, except to say that the false accusation of sexual assault is a "hate crime." The Hate Crimes Prevention Act of 2009 ("Hate Crimes Act"), 18 U.S.C. § 249, punishes criminal offenses in which race, color, religion, national origin, gender, sexual orientation, gender identity, or disability is a motivating factor. 18 U.S.C. § 249(a)(1) and (2). To trigger the Hate Crimes Act, the underlying offense must include a bodily injury or attempted bodily injury and have an interstate, special maritime, or federal territorial nexus. *Id.* Significantly, the Hates Crime Act is a criminal statute that does not provide a private cause of action. *Hall v. Cumberland Cty.*, No. 5:17-CV-00348-FL, 2017 WL 5986468, at *5 (E.D.N.C. Sept. 14, 2017), *report and recommendation adopted,* 2017 WL 5973406 (E.D.N.C. Dec. 1, 2017) (holding that federal hate crimes act does not provide a private cause of action); *Logan v. Black Lives Matter Org.*, No. 6:16-cv-2599-TMC-KFM, 2016 WL 8929076, at *2 (D.S.C. Aug. 30, 2016), *adopted by* 2017 WL 1955414 (D.S.C. May 11, 2017) (finding no private right of action under 18 U.S.C. § 249); *Lee v. Lewis*, No. 2:10-CV-55-F, 2010 WL 5125327, at *2 (E.D.N.C. Oct. 28, 2010) (concluding 18 U.S.C. § 249 provides only criminal penalties for federal hate crimes and no civil cause of action), *report and recommendation adopted,* 2010 WL 5125324 (Dec. 8, 2010); *Estate of Brown v. Gonzales*, No. 2:07-CV-7-F, 2007 WL 9718308, at *2 (E.D.N.C. Apr. 20, 2007) (stating that "the court is unaware of any federal 'hate crime' act that creates a private cause of action."). Consequently, the undersigned **FINDS** that Plaintiff fails to state a plausible claim under the Hate Crimes Act.

Moreover, even if the Hate Crimes Act did provide a private cause of action,

Plaintiff's complaint must fail, because it is devoid of any allegations establishing that the defendants acted in an official capacity with the State of West Virginia, or "under color" of state law, when they attempted to remove him from the neighborhood and accused him of sexual assault. In *Conner v. Donnelly,* 42 F.3d. 220 (4th Cir. 1994), the United States Court of Appeals for the Fourth Circuit described the following situations in which conduct by a private person or entity would constitute "state action:"

> First, a private party that is regulated by the state acts under color of state law where there is a "sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself. Second a private party acts under color of state law where the State, through extensive regulation of the private party, has exercised coercive power or has provided such significant encouragement that the action must in law be deemed to be that of the state. Finally, a private party acts under color of state law where "the private entity has exercised powers that are 'traditionally the exclusive prerogative of the state.'"

*Id.* at 224 (internal citations omitted). Plaintiff does not allege any facts indicating that the defendants' actions are attributable to the State of West Virginia, or that the State of West Virginia regulated the defendants' actions, or that the defendants exercised powers that were "traditionally the exclusive prerogative of the state." *Id.* In the absence of facts establishing the existence of one of these situations, a § 1983 complaint against a private party—such as the defendants—must be dismissed as "[p]urely private conduct, no matter how wrongful, injurious, fraudulent, or discriminatory, is not actionable under 42 U.S.C. § 1983." *Perrin v. Nicholson*, C/A No. 9:10-1111-HFF-BM, 2010 WL 3893792, at *2 (D.S.C. Sept. 8, 2010); *see also Burton v. Wilmington Parking Authority*, 365 U.S. 715, 721 (1961).

Given that the defendants are not state actors, the undersigned **FINDS** that subject matter jurisdiction in this case does not rest on a federal question. Accordingly,

7

subject matter jurisdiction is only proper "if the amount in controversy exceeds $75,000 and there is complete diversity of citizenship, pursuant to 28 U.S.C. § 1332." *Shelton v. Crookshank*, No. 3:17-CV-108, 2018 WL 527423, at *2 (N.D.W. Va. Jan. 24, 2018), *aff'd as modified,* 742 Fed. Appx. 782 (4th Cir. 2018). Considering the address provided by Plaintiff in his request for a subpoena, (ECF No. 4), the locations at which the defendants work, and the fact that, at all relevant times, they were Plaintiff's neighbors, the undersigned concludes that the defendants are likely residents of West Virginia. Indeed, Plaintiff offers no statement to the contrary. As Plaintiff is also a West Virginia resident, he fails to carry his burden of demonstrating in the complaint that complete diversity of citizenship exists in this matter. Consequently, the undersigned further **FINDS** that this Court does not have subject matter jurisdiction over the dispute. Therefore, Plaintiff's complaint should be dismissed.

### IV.    Proposal and Recommendations

For the reasons set forth above, the undersigned respectfully **PROPOSES** that the United States District Judge accept and adopt the proposed findings and **RECOMMENDS** that Plaintiff's Complaint, (ECF No. 2) be **DISMISSED**, and this civil action be **REMOVED** from the docket of the Court.

Plaintiff is notified that this "Proposed Findings and Recommendations" is hereby **FILED**, and a copy will be submitted to the Honorable Robert C. Chambers, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, Plaintiff shall have fourteen days (filing of objections) and three additional days (if received by mail) from the date of filing this "Proposed Findings and Recommendations" within which to file with the Clerk of this Court, specific written objections, identifying the portions of the

"Proposed Findings and Recommendations" to which objection is made and the basis of such objection. Extension of this time period may be granted by the presiding district judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Chambers and Magistrate Judge Eifert.

The Clerk is instructed to provide a copy of this "Proposed Findings and Recommendations" to the Plaintiff.

**FILED:** September 6, 2019

Cheryl A. Eifert
United States Magistrate Judge

9